UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| PAUL EDWARD CARPENTER, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION V-08-37 |
| | § | |
| RICK THALER[1], | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM OPINION AND ORDER

Paul Edward Carpenter ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Respondent has filed an Answer with Brief in Support, (Dkt. No. 15), and Amended Answer with Brief in Support, (Dkt. No. 31), and Petitioner has responded, (Dkt. Nos. 19, 32). The Court construes the Answer and Amended Answer as a motion for summary judgment. After considering the Parties' arguments, the record, and the applicable law, the Court is of the opinion that Respondent's motion should be GRANTED and Petitioner's habeas petition should be DISMISSED.

## Factual Background

Petitioner is incarcerated pursuant to a judgment of the 24th Judicial District Court of Victoria County, Texas, cause number 02-7-19,537-A, styled *The State of Texas v. Paul Edward Carpenter*. *Ex parte Carpenter*, Application No. 67,681-01, 2290073 SHCR at 115-26.[2] The State charged Petitioner with aggravated sexual assault of a child and indecency with a child,

---

[1] Rick Thaler is the proper respondent and is hereby substituted as such. Fed. R. Civ. P. 25(d).

[2] "SHCR" refers to the clerk's record of Petitioner's state writ history. Where applicable, citations are preceded by the "EventID" number denoted on the Texas Court of Criminal Appeals Scanning Cover Sheet and followed by the relevant page number(s).

enhanced by a previous felony conviction. *Id.* at 104-06.  Petitioner pled not guilty to the charges and proceeded to trial before a jury. *Id.* at 115-26.  The jury found Petitioner guilty of aggravated sexual assault of a child, as alleged in Count I of the indictment, and indecency with a child by exposure, as alleged in Counts III and V of the indictment. *Id.* at 111-14.  Petitioner elected for the trial judge, rather than the jury, to assess punishment, and he was sentenced to two ten-year terms of imprisonment on the indecency counts, and a forty year term of imprisonment on the aggravated sexual assault of a child count, to run concurrently. *Id.* at 115-26.

The Court of Appeals of Texas affirmed Petitioner's conviction. *Carpenter v. State*, No. 13-02-630-CR, 2005 WL 503315 (Tex. App.—Corpus Christi Feb. 17, 2005).  The Texas Court of Criminal Appeals ("CCA") refused Petitioner's petition for discretionary review on January 18, 2006. *Id.*  Petitioner did not seek a writ of certiorari from the Supreme Court of the United States.  (Dkt. No. 1 at 3).

Carpenter filed a state application for a writ of habeas corpus in the trial court on April 16, 2007.[3]  2290073 SHCR at 1.  On April 9, 2008, after remanding the case for an evidentiary hearing, the CCA granted Petitioner's state writ application with respect to his claim that his conviction for indecency with a child by exposure in Count III violates double jeopardy. *Ex parte Carpenter*, No. AP-75,897, 2008 WL 974763 (Tex. Crim. App. Apr. 9, 2008).  The CCA set aside the judgment in Cause No. 02-7-19,537-A as it relates to Count III only. *Id.*  All other requested relief was denied. *Id.*

---

[3] The federal mailbox rule does not apply to the determination of filing dates for state habeas applications. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999); *Howland v. Quarterman*, 507 F.3d 840, 844 (5th Cir. 2007).  Therefore, Petitioner's state writ application was filed on the date the state court received it, April 16, 2007.  2290073 SHCR at 1.

The Court received the instant federal writ petition on April 25, 2008.[4] (Dkt. No. 1). Petitioner claims that he placed his instant federal writ petition in the prison mailing system on April 9, 2008. (*Id.* at 9). However, the evidence and Petitioner's assertions in his Amended Objection with Brief in Support, (Dkt. No. 32), show that this was not the case.

Because Petitioner knew that he had very few days to file a federal habeas petition after the CCA issued its opinion, Petitioner had his "writ-writer's" mother—Virginia Webb ("Webb")—pay the filing fee to this Court. (Dkt. No. 32, Ex. A-C). The $5.00 filing fee was paid on July 5, 2007, and assigned a miscellaneous number until Petitioner filed the instant action. (Dkt. No. 1). Petitioner also mailed his federal habeas petition to Webb and instructed her to make the necessary number of copies and electronically monitor the CCA Web-site. (Dkt. No. 32, Ex. C). She was instructed to mail Petitioner's habeas petition to the Court as soon as the CCA issued its opinion. (*Id.*). Webb placed the petition in the mail as soon as she found out the CCA issued a decision, April 9, 2008, (*Id.*), but the Court did not receive the petition until April 25, 2008, (Dkt. No. 1).

**Summary Judgment**

Summary judgment is proper if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court construes factual controversies in a light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v.*

---

[4] The petition asserts numerous grounds for relief, all relating to Petitioner's conviction. (Dkt. No. 1 at A-1-A-3).

*Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[5]  The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the nonmovant, but the movant is not required to negate elements of the nonmovant's case.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The nonmoving party may not rest solely on its pleadings.  *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992).  For issues on which the nonmovant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial.  *Celotex*, 477 U.S. at 322; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).  The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To meet its burden, the nonmoving party must present "significant probative" evidence indicating that there is a triable issue of fact.  *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994).  If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

## Statute of Limitations

Petitioner filed his federal habeas petition on April 25, 2008.  (Dkt. No.1).  His petition is thus subject to the amendments to the federal habeas corpus statutes embodied in the Anti-

---

[5] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *cert. granted in part on other grounds and dismissed*, 541 U.S. 913 (2004), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).  Therefore, 28 U.S.C. § 2254(e)(1)—which mandates that findings of fact made by a state court are "presumed to be correct"—overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party.  *See id.*  Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct.  *See id.*

Terrorism and Effective Death Penalty Act ("AEDPA"). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed after the AEDPA's April 24, 1996, effective date are subject to the provisions of that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[6]

The CCA refused Petitioner's petition for discretionary review on January 18, 2006, *Carpenter v. State*, No. 13-02-630-CR, 2005 WL 503315 (Tex. App.—Corpus Christi Feb. 17,

---

[6] Sub-sections (B)-(D) of 28 U.S.C. § 2244(d)(1) are not applicable to this case.

2005), and Petitioner did not seek a writ of certiorari from the Supreme Court of the United States, (Dkt. No. 1 at 3). Accordingly, Petitioner's conviction became final on April 18, 2006, ninety days after judgment was entered. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); Sup. Ct. R. 13.1 (petition for writ of certiorari is timely filed 90 days after entry of judgment). Petitioner's application for a state writ of habeas corpus was filed on April 16, 2007, two days before the statue of limitations for Petitioner's federal writ petition expired. 2290073 SHCR at 1. The state writ was granted in part and denied in part on April 9, 2008. *Ex parte Carpenter*, No. AP-75,897, 2008 WL 974763 (Tex. Crim. App. Apr. 9, 2008). Accordingly, Petitioner's federal writ petition was due by April 11, 2008. When Petitioner filed his federal writ petition on April 25, 2008, (Dkt. No. 1), it was fourteen days late.

Moreover, Petitioner is not entitled to the "prison mailbox rule," because he did not use the prison mail system to file his federal writ petition. Rather, he used Webb to mail his federal petition. (Dkt. No. 32, Ex. C); *see Dison v. Whitley*, 20 F.3d 185, 186-87 (5th Cir. 1994) (holding that petitioner's use of unknown, non-prison official agent to file habeas appeal does not trigger "filed-upon-receipt" of prison officials rule); *Cousin v. Lensing*, 310 F.3d 843, 847 n.2 (5th Cir. 2002) (listing cases holding the mailbox rule inapplicable to prisoners who employ "non-attorney intermediar[ies] to file their pleadings").

Furthermore, and despite Petitioner's argument to the contrary, equitable tolling is unavailable. As the Fifth Circuit has explained, "equitable tolling of the AEDPA limitations period is available 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quoting *Fierro v. Cockrell*, 294 F.3d

674, 682 (5th Cir. 2002)).  Equitable tolling of the limitations period applies principally where a petitioner is actively misled by the respondent about the cause of action or is prevented in some extraordinary way from asserting his rights.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999); *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("To be entitled to equitable tolling, [a petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal quotations omitted).  Ignorance of the law or excusable neglect is not a justification for equitable tolling.  *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002).

Petitioner has not shown that he was diligent in pursuing his rights.  He did not challenge his conviction with a state writ of habeas corpus until two days before the expiration of the limitations period for his federal writ.  Because of this delay, Petitioner had only two days after the CCA issued its opinion to file his federal writ, but he waited two weeks.  "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 713 n. 11 (5th Cir. 1999) (quoting *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).  Accordingly, Petitioner is not entitled to equitable tolling.

Petitioner has not established that he is entitled to any tolling.  Accordingly, his petition must be dismissed as barred by the governing one-year limitations period.

### Certificate of Appealability

Under 28 U.S.C. § 2253, Petitioner needs to obtain a certificate of appealability before he can appeal the dismissal of his petition. A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 277 (5th Cir. 2002).  To make such a showing,

Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further.  *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998); *see also Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004).  For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right.  *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996).  Therefore, the Court denies the issuance of a certificate of appealability in this action.

## Conclusion

Respondent's motion for summary judgment, (Dkt. Nos. 15, 31), is GRANTED.  Petitioner's habeas petition is DISMISSED.  The Court also DENIES Petitioner a Certificate of Appealability.

Signed this 12th day of February, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE